UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LINDA L. GILLIAM FOSS,

    Plaintiff,

        v.                         CAUSE NO. 3:21-CV-584-JD-MGG

MARSHALL COUNTY,

    Defendant.

## OPINION AND ORDER

Linda L. Gilliam Foss, a prisoner without a lawyer, filed a complaint while detained at the Marshall County Jail, ECF 1, and a motion to proceed in forma pauperis, ECF 2. The court granted her leave to proceed in forma pauperis and assessed an initial partial filing fee of $240. ECF 3. Since then, no payment has been made. But letters from Foss, ECF 4 and 5, establish that she has moved from the Marshall County Jail to the Rock Island County Jail and is unable to access the funds she had on account at the Marshall County Jail. Although the court is unable to give her advice on how to get her funds transferred to her current jail, it will proceed to screen her complaint. Foss is advised, however, that she remains obligated to pay the outstanding balance.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous

or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Foss sues Marshall County, alleging that she was kept in jail longer than she should have been. She alleges that on July 28, 2021, she had a court date for sentencing based on a plea agreement she had signed already. But she was not taken to court, and therefore served more time than the sentence agreed to in the plea agreement. Her complaint says that after she finished her time in Marshall County, she was going to be transferred to Rock Island County, Illinois, for a case she had there. She says she had a new court date on August 4, 2021, where she entered her plea and was sentenced. The docket reflects that she is now detained in Rock Island County.

A claim that a person was incarcerated longer than she should have been falls within the scope of the Eighth Amendment. *Burke v. Johnston*, 452 F.3d 665, 669 (7th Cir. 2006). However, a plaintiff can state an Eighth Amendment claim only if the court can plausibly infer from the complaint that defendants were deliberately indifferent to her incarceration past her release date. *Id.* That is, she must allege that defendants knew of a risk that she was being kept beyond her release date and deliberately failed to take action. *See id*. (referring to the test used in the 3rd Circuit); *see also Campbell v. Peters*, 256 F.3d 695, 701 (7th Cir. 2001) ("[C]ourts . . . have been careful to note that the extended incarceration must also be the product of deliberate indifference before a constitutional violation, as opposed to an error of state law, is implicated."). An inadvertent mistake by a jail official is not enough. *See Corbitt v. Wisc. Dep't of Corrs.*, 854 F. App'x 82 (7th Cir. 2021).

Here, the complaint does not contain enough information about what exactly happened and which jail officials were involved for the court to determine whether it states a claim. Foss sues Marshall County, but that is not the right defendant. Liability under 42 U.S.C. § 1983 requires personal involvement in the alleged violation. *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003). Marshall County cannot be held liable just because it employs the people involved in the alleged constitutional violation. *J.K.J. v. Polk Cnty.*, 960 F.3d 367, 377 (7th Cir. 2020). Foss does not say which individuals were involved in her missing her court date or what they did.

Furthermore, the complaint is missing basic facts like the date she entered the jail, the sentence she received on the Marshall County case, when she was transferred to Rock Island County, or the details of her case there. Without more information, the court cannot determine whether the case states a federal constitutional claim and may proceed to the next stage.

This complaint does not state a claim for which relief can be granted. Nevertheless, Foss may file an amended complaint if she believes she can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, she needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form. After she properly completes that form addressing the issues raised in this order, she needs to send it to the court.

For these reasons, the court:

(1) DIRECTS the clerk to write this cause number on a blank **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form and send it to Linda L. Gilliam Foss;

(2) GRANTS Linda L. Gilliam Foss until **October 21, 2021**, to file an amended complaint; and

(3) CAUTIONS Linda L. Gilliam Foss if she does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on September 17, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT