UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LINDA L. GILLIAM FOSS, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-584-JD-MGG |
| MARSHALL COUNTY, et al., | |
| Defendants. | |

OPINION AND ORDER

Linda L. Gilliam Foss, a prisoner without a lawyer, filed a complaint asking for compensation for wrongful incarceration, alleging she was held in the Marshall County Jail for longer than she agreed to under her plea agreement. ECF 1 at 2. The court concluded the complaint was too vague to determine whether it stated a claim under the Eighth Amendment for being detained past her release date and invited her to file an amended complaint with more details about the circumstances surrounding her court case and who was responsible for the delay. ECF 6. Foss submitted an amended complaint that expands upon why she believes she was wrongfully detained but also contains complaints about the medical care she received in the jail and how the jail processed the filing fee for this case. ECF 11. The claims about the medical care and filing fee are unrelated to her claim about her release date, and therefore do not belong in this lawsuit. "Unrelated claims against different defendants belong in different suits . . .." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017). If she wants to pursue those claims, she must file separate

lawsuits, which will incur additional filing fees. However, the court is now able to analyze the potential claim about her release date. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Foss alleges that on June 7, 2021, she was booked into the Marshall County Jail on an Indiana charge of identity deception as well as a warrant for charges in Rock Island, Illinois. ECF 11 at ¶ 1. On June 16, 2021, Foss went to court to sign extradition papers on the Illinois case. *Id.* at ¶ 2. Except she did not understand what was going on, so the court appointed her a public defender and continued the case. *Id.* At the next hearing, it was decided that the Indiana case would proceed first, and then Foss would go to Illinois. *Id.* at ¶ 3.

On July 6, 2021, Foss had an initial hearing on the Indiana case. ECF 11 at ¶ 4. She requested that they take care of the charges as quickly as possible because she admitted she was guilty and did not want to waste time. *Id.* A new court date was set for July 28, 2021. *Id.* at ¶¶ 4, 5. Foss's attorney contacted her with a plea agreement for the Indiana charge with an agreed sentence of 60 days (serving only 30 days with good time credit), and receiving credit for time served. *Id.* at ¶ 5. The attorney said she was

2

mailing it to the jail on July 15, 2021. *Id.* Foss received the paperwork on July 23, 2021. *Id.* She signed it and sent it back. *Id.*

Foss alleges she was ready for court on July 28, 2021, but was not called to go. ECF 11 at ¶ 6. She called her attorney to ask why, and her attorney told her that she had just received the signed paperwork, and so the court date would have to be rescheduled. *Id.* at ¶ 11. The court date was rescheduled for August 4, 2021, where Foss appeared, entered a guilty plea, and was sentenced as agreed to in the plea agreement. *Id.* at ¶¶ 7, 8. Foss is upset at the length of time it took for Marshall County to process the mail to and from her attorney, blaming them for her plea hearing being delayed by a week. *Id.* at ¶ 7.

When Foss was in court pleading guilty to the Indiana charge, she expected to also sign her extradition papers, but there was no mention of extradition. ECF 11 at ¶ 8. Daily, she asked jail staff about when she was going to court to sign the extradition papers. *Id.* at ¶ 9. They said they would check into it but never got back to her. *Id.* She called her attorney's office on August 11, 2021, and office staff told her she had no scheduled court date and that she was not even in the system. *Id.* The office staff told her to call back in a few hours. *Id.* When she called back, her attorney told her that she thought she had already been sent to Illinois. *Id.* Her attorney promised to call the prosecutor and get back to her. *Id.*

Foss was unexpectedly called for court the next day on August 12, 2021, and she signed the extradition papers. ECF 11 at ¶ 9. She spent the next week waiting for pickup and was extradited to Rock Island on August 19, 2021. *Id.*

3

Foss first claims that delays in the mail at the jail caused her change-of-plea hearing to be postponed, resulting in a longer detention.[1] Here, the alleged delays in processing the mail are not significant enough to state an independent constitutional violation. A brief, non-content-related delay in the mail does not state a First Amendment claim. *See Rowe v. Shake*, 196 F.3d 778, 782-83 (7th Cir. 1999); *see also Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) ("Allegations of sporadic and short-term delays in receiving mail are insufficient to state a cause of action grounded upon the First Amendment."). Giving Foss the benefit of all favorable inferences, it took 8 days for the plea agreement to reach her, and then another 5 days for it to get back to her attorney. Such a length of time is not unreasonable for mail processing in the jail and the postal service, especially given that a weekend fell in each of those time periods.[2] The fact that it was mail from her attorney does not change the analysis. Although legal mail gets special protection under the constitution, *see Wolff v. McDonnell*, 418 U.S. 539, 575-77 (1974), those special protections do not include requiring a speedier delivery system for legal mail in the jail.

In addition, there is no constitutional issue with the amount of time Foss spent in jail before her change-of-plea hearing. She was booked into the jail on June 7, 2021, and

---

[1] As an aside, it is not clear if Foss has served more time than required. It is possible that the Illinois court will give her credit for the time spent at the Marshall County Jail beyond what her Indiana sentence required. Thus, if the Illinois court credited her for the additional days, Foss has no injury to sue on. *See Jones v. Cummings*, 998 F.3d 782, 788 (7th Cir. 2021) ("Essential to any section 1983 action is proof that a defendant violated a plaintiff's federal rights. The statute does not provide a remedy for abuses that do not violate federal law nor does it create substantive rights." (quotation marks omitted)).

[2] In accordance with Federal Rule of Evidence 201, the court takes judicial notice that July 15, 2021, when her attorney allegedly put the plea agreement in the mail, was a Thursday, and July 23, 2021, when Foss allegedly sent it back, was a Friday.

4

had her change-of-plea hearing on August 4, 2021, just under two months later. At some point, an extended pretrial detention can trigger speedy trial concerns under the Sixth Amendment, but two months does not. *See United States v. Oriedo*, 498 F.3d 593, 597 (7th Cir. 2007) (requiring delays approaching one year in order to trigger a speedy trial violation).

Turning to the issues surrounding her extradition hearing, it appears from her complaint that her need for a court date to sign an extradition waiver was somehow overlooked, and only through her persistence were matters straightened out. But no one at the jail can be held responsible. The Illinois warrant gave the jail the authority to keep her detained after she served the Indiana sentence. *See Sivard v. Pulaski Cnty.*, 959 F.2d 662, 665 (7th Cir. 1992); *see also* IND. CODE § 35-33-10-3(20) (when criminal charges are pending in Indiana and another state, the Indiana charges may proceed before extradition occurs). The extradition hearing, where she signed the waiver, was held 8 days after her sentencing on the Indiana charge. A long enough delay in the extradition proceedings could possibly put jail staff on notice of a problem with her detention. *See, e.g.,* 18 U.S.C. § 3182 (giving the requesting state 30 days from the date of the arrest to collect fugitive); *Armstrong v. Squadrito*, 152 F.3d 564 (7th Cir. 1998) (finding a violation of substantive due process for a 57-day "extended detention, without an appearance before a magistrate, of a civil arrestee who complains about his confinement following a valid arrest pursuant to a body attachment warrant" when the detention was supposed to last for only a few hours). But here, Foss was promptly brought before a judge on the

5

extradition warrant following her arrest, and the 8-day wait to sign the waiver following the conclusion of her Indiana case is not of constitutional magnitude.

It would be futile to explore whether Foss could state a claim against either her attorney or the court staff for the scheduling problems. Her appointed public defender is not a "state actor" for purposes of 42 U.S.C. § 1983 and therefore cannot be sued under the statute. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). And the judge and court staff are entitled to judicial immunity for activities closely associated with the judicial process, which include scheduling a hearing. *See Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011) ("A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction."); *Eades v. Sterlinske*, 810 F.2d 723, 726 (7th Cir. 1987) (court clerk entitled to absolute immunity when "performing nonroutine, discretionary acts akin to those performed by judges" as opposed to a "non-discretionary, ministerial task" such as the duty to type and send notice after entry of judgment). Therefore, Foss cannot state a claim based on the delay in scheduling a hearing to sign the extradition waiver.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v.*

6

*Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

    For these reasons, this case is **DISMISSED** under 28 U.S.C. § 1915A.

    SO ORDERED on November 1, 2021

                                      /s/JON E. DEGUILIO
                                      CHIEF JUDGE
                                      UNITED STATES DISTRICT COURT